IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONALD WEEKS, # 283804, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv926-WHA |
| ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Alabama inmate Ronald Weeks's ("Weeks") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. *Doc. No. 1*. Weeks contends that the Alabama Department of Corrections ("ADOC") erred in calculating his minimum release date from his state prison sentence.

**I.  BACKGROUND**

On May 8, 2012, Weeks pled guilty in the Macon County Circuit Court to manslaughter, in violation of § 13A-6-3, Ala. Code 1975. On that same date, the trial court sentenced Weeks to 15 years in prison with 758 days of pretrial jail credit.[1]  *Doc. No. 12, Resp't's Ex. A* at 1.

Under § 14-9-41, Ala. Code 1975, Alabama gives inmates an opportunity to reduce their prison sentences through incentive good time ("IGT") credit. In pertinent part, that

---

[1] At the time of filing this habeas petition, Weeks was incarcerated under this sentence.

statute provides:

> (a) Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence as follows:
>
> (1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.

§ 14-9-41(a)(1), Ala. Code 1975.

When Weeks was received into ADOC custody after sentencing, he was classified as a Class I prisoner eligible under § 14-9-41(a)(1) to earn IGT credit at a rate of 75 days for each 30 days actually served. ADOC then generated a sentence calculation sheet showing Weeks's minimum and maximum (or "short" and "long") release dates. Assessing Weeks's eligibility for IGT credit based on the 4,642 days to be served on his sentence (i.e., by subtracting his 758 days of jail credit from his 15-year term),[2] ADOC calculated Weeks's minimum release date to be January 17, 2016.

Arguing that ADOC should have calculated his IGT credit – and his minimum release date – based on his full 15-year sentence, not his 15-year sentence less the 758 days of jail credit he received, Weeks filed a state petition for writ of habeas corpus in the Montgomery

---

[2] ADOC's method of calculation uses 30 days as the length of the average month. *See Supplemental Answer, Resp'ts Ex. D* at 2, n.2. Thus, a 15-year sentence comprises 5,400 days (i.e., 15 [years] x 12 [months] x 30 days). *Id*. Subtracting Weeks's 758 days of jail credit from his 15-year term left him 4,642 (i.e., 5,400 - 758) days to serve when he was received into ADOC custody. *Id*. at 2-3, n.2.

2

County Circuit Court challenging ADOC's calculations. *Supplemental Answer, Resp'ts Ex. A*. Weeks contended that ADOC's method of calculation improperly extended his minimum release date, which he argued should have been December 2014 – not January 2016. *Id*.

On July 1, 2013, the circuit court denied Weeks's state habeas petition. *Supplemental Answer, Resp'ts Ex. B*. Weeks appealed to the Alabama Court of Criminal Appeals. *Id., Resp'ts Ex. C*. On September 20, 2013, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the circuit court's judgment, finding that the method ADOC used to calculate Weeks's minimum release date was correct. *Id., Resp'ts Ex. D*. Weeks applied for rehearing, which the appellate court overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on December 6, 2013, issuing a certificate of judgment the same day. *Id., Resp'ts Exs. E & F*.

On December 16, 2013, Weeks filed this § 2254 petition pursuing his claim that ADOC erred in calculating his minimum release date from his state sentence. *See Doc. Nos. 1 & 14*. Weeks maintains that ADOC's failure to calculate his release date properly and the state court decisions upholding the challenged calculation deprived him of his due process right to obtain release upon the actual expiration of his sentence. *Doc. No. 14* at 2-3. The respondents answer that the state court decisions denying Weeks's claim were correct and that, consequently, he is not entitled to relief in this court. *Doc. No. 12.*

After review of the parties' submissions, the record, and the applicable law, the undersigned finds that Weeks is not entitled to federal relief and that his petition should be

3

denied without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

**A.  Standard of Review**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle

to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     Weeks's Claim Regarding Calculation of His Minimum Release Date**

Weeks claims that ADOC miscalculated his minimum release date when it calculated his IGT credit based on his 15-year sentence less 758 days of jail credit rather than on the entire 15-year term of his sentence.[3]  *Doc. Nos. 1 & 14*.  The Alabama Court of Criminal Appeals addressed this claim as follows:

> The Department [ADOC] calculated the amount of time that Weeks must serve as a Class I prisoner by first subtracting Weeks's pretrial-confinement credit from Weeks's 15-year sentence; the balance of Weeks's sentence was then divided by 3.5, the result of which was the amount of time that Week would serve as a Class I prisoner.  Using the Department's calculations, Weeks will serve approximately 1,326 days as a Class I prisoner and, based on the date of Weeks's conviction, Weeks would be eligible for release in January 2016.[1]
>
> > [n.1  The Department's calculations, based on a 30-day month, appear to be as follows:
> >
> > | | | |
> > |---|---|---|
> > | 15-year sentence | 5,400 days | |
> > | Pretrial credit | - 758 days | |
> > | | _____ | |
> > | | 4,642 days | |
> > | | | |
> > | | 4,642 days | |
> > | Application of IGT | ÷ 3.5 | |
> > | | _____ | |
> > | Class I sentence | 1,326 days | ] |
>
> The gravamen of Weeks's petition is that the Department should first divide his 15-year sentence by 3.5, and then subtract from that number his pretrial credit. ...
>
> It is clear, however, that the manner in which Weeks calculates his

---

[3] While § 14-9-41, Ala. Code 1975, appears to frame the award of IGT credit in discretionary terms, this court will assume for purposes of this Recommendation that Weeks's challenge to ADOC's methodology in calculating his IGT credit and his minimum release date implicates due process concerns under the United States Constitution.

>sentence – applying incentive good time to his entire sentence before the application of pretrial credit – allows Weeks to receive incentive good time credit for the time he spent awaiting trial. As the Department argued below, § 14-9-41, Ala. Code 1975 "does not allow for a good time deduction from Weeks's jail credit." (C. 15.) Specifically, the plain language of § 14-9-41(a)(1) applies only to "[e]ach prisoner *confined, in execution of the judgment or sentence upon any conviction* [.]" (Emphasis added). Weeks's 758-day pretrial credit was not a result of confinement in the execution of a judgment of sentence, and, thus, Weeks's argument is without merit.
>
>Applying the mechanism employed by the Department to determine Weeks's sentence, the Department's calculations are correct, and Weeks has not demonstrated otherwise.
>
>For the forgoing reasons, the judgment of the circuit court is affirmed.

*Supplemental Answer, Resp'ts Ex. D* at 2-4 (footnote omitted; footnote renumbered).

The language of § 14-9-41 supports ADOC's method for calculating IGT credit and the state court's judgment. As the Alabama Court of Criminal Appeals found, the plain language of the statute applies only to prisoners "confined, in execution of the judgment or sentence upon any conviction." Pretrial incarceration in jail is not confinement "in execution of the judgment or sentence upon any conviction." Moreover, Weeks's construction of the statute argues that ADOC should award IGT credit not only for time a defendant spends under ADOC custody and behaves appropriately, but also for time not spent in ADOC custody at all – prior to conviction and imposition of sentence. Such a construction is inconsistent with the purpose of rewarding exemplary behavior under ADOC custody.

The claim presented to this court by Weeks challenging the calculation of his minimum release date was decided adversely to him by the Alabama Court of Criminal

7

Appeals. This court has undertaken a thorough review of the opinion issued by the state appellate court, all relevant facts, and the applicable law. After such review, it is clear that the Alabama Court of Criminal Appeals did not decide Weeks's claim "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts"; nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, rejection of this claim by the state appellate court was not contrary to actual Supreme Court decisions. Moreover, under the circumstances of this case, it is clear that the decision issued by the Alabama Court of Criminal Appeals was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thus, Weeks is not entitled to relief from this court and his petition for writ of habeas corpus under 28 U.S.C. § 2254 is due to be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Weeks be DENIED and that this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before March 8, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections

will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE